GEORGE *v.* JEFFRIES.

1. FRAUD—DAMAGES—MEASURE OF DAMAGES IN MISREPRESENTING VALUE OF PROPERTY.

In an action for fraud in misrepresenting the value of a farm in an exchange of property, the trial court properly instructed the jury that if they found that plaintiffs had been defrauded their measure of damages was the difference between the value of the farm as represented and its actual value at the date of the transfer.

2. APPEAL AND ERROR—COUNSEL RESPONSIBLE FOR ERRONEOUS INSTRUCTION MAY NOT COMPLAIN.

Where the trial court, after correctly instructing the jury as to the measure of plaintiffs' damages, modified said instruction, defendant's counsel, who does not deny that he was responsible for said modification, as charged by plaintiffs' counsel, may not complain thereof in the appellate court.

Error to Grand Traverse; Mayne (Frederick W.), J. Submitted October 3, 1922. (Docket No. 5.) Decided March 22, 1923.

Case by Wilbur F. George and another against Charles Jeffries for fraud in the exchange of real property. Judgment for plaintiffs. Defendant brings error. Affirmed.

*J. J. Tweddle,* for appellant.

*Parm C. Gilbert,* for appellees.

BIRD, J. Plaintiffs owned a small tract of land near Phœnix, Arizona, which they claimed was worth $25,000, and upon which they had paid $12,000. Defendant owned a farm of 85 acres situate in Long

On measure of damages for fraudulent representations in sale or exchange of real estate, see notes in 8 L. R. A. (N. S.) 804 and 16 L. R. A. (N. S.) 818.

Lake township, in Grand Traverse county, which he estimated was worth $10,000. The personal property thereon he thought was worth $2,000. Through real estate brokers in Phœnix he offered it for sale. The brokers got the parties together, and the result was that plaintiffs exchanged their ranch (as they called it), subject to the incumbrance, for defendant's Grand Traverse farm. Defendant inspected the Arizona ranch, but plaintiffs closed the deal without seeing the Grand Traverse farm.

When plaintiffs came to Michigan and inspected their newly-acquired farm they were disappointed, and claimed that defendant's representations as to the value of the land, the fertility of the soil, its accessibility by good roads, its production of fruit, and the amount and value of personal property, were not true. They did not attempt to rescind the sale, but brought this action to recover the difference between what the Grand Traverse farm was actually worth and its value if it had been as represented. The result was a verdict for plaintiffs of $6,500.

Defendant complains that the trial court was in error in stating to the jury the measure of damages. The trial court, in the first instance, instructed the jury as follows:

"Now, what loss have the plaintiffs sustained, provided you find they have been defrauded? The rule is, they will be entitled to recover the difference between the farm in Grand Traverse county as it was represented to be, and the value of the farm as it was at the date of the transfer. This includes also the personal property."

It is conceded that this was the proper rule of damages to apply to the case as is pointed out in *Smith* v. *Construction Co.*, 175 Mich. 607. After giving this rule the trial court called both counsel to the bar and, after a whispered conference with them,

222—Mich.—5.

he resumed his charge and modified this rule.    Perhaps it would be better to let the record state just what was done:

"I want now to say something to counsel on both sides.    (Here counsel on both sides came to the bench and conversed with the court in a low tone of voice.)

"At Mr. Tweddle's request, after conferring with counsel as to whether the facts and the law had been fully covered by the charge of the court the following statement as to the rule of damages was given:

"*The Court:*  There was a question—and I desired the benefit of counsel's view as to the law.

"I have charged you that it is the rule generally, that the difference between the value of the property as it actually existed at the time of the transfer and what it was represented to be worth by the party would determine the amount of your verdict.    I want to modify the rule that I gave you, to this extent.

"It is undisputed that there was a $13,000 obligation against the place of the plaintiff, in other words, that the plaintiff had paid $12,000.    If that property was fairly worth $25,000, if there was no dispute upon that point, then $12,000 would represent the value of the plaintiffs' interest in the premises.    The Arizona property cannot be considered by you as worth more than $25,000, but there is some testimony that the ranch property in Arizona had depreciated in value, that it was not worth the full sum of $25,000 and that $13,000 deducted would not represent the actual value of the plaintiffs' interest in the Arizona property.    The rule as stated is the law in this case; but under the claim of the parties, the plaintiff can recover only the difference between the actual value of the plaintiffs' interest in the ranch in Arizona, and the value of the property in Grand Traverse county, Michigan, and your verdict should represent this actual difference in value.    For instance, you are to determine if you find that the plaintiff was defrauded, the value of the Arizona property, deduct from it the $13,000 remaining unpaid and that will represent, for the purpose of this case, the value of the property and if you find for the plaintiff, subtract from that the value which you find the Grand Traverse county

property to be, and the difference will represent your verdict, the amount which you will return as a verdict plus 5 per cent. interest from the date of the transfer. This sum cannot exceed the difference between the value of the Grand Traverse county property as represented by the defendant and its actual value on the date of the transfer as provided under the general rule. The amount of your verdict might be less than such difference in value."

We are left to infer from this record that defendant's counsel, who is now complaining of the modification, was responsible for its being made. Plaintiffs' counsel openly charges in his brief that defendant's counsel was responsible for the modification, and that he ought not now to be permitted to complain of it in the appellate court. Plaintiffs' counsel further argues that no injury was done to defendant by the modification, inasmuch as the proofs fully justify the verdict. We are inclined to take this view of the matter, inasmuch as defendant's counsel has in no way refuted the charge that he requested the modification. If defendant's counsel invited the court to make the error it would be manifestly unjust to reverse the case in the appellate court on account of it. *Waddingham* v. *Waddingham,* 27 Mo. App. 596.

In this view we are constrained to affirm the judgment.

WIEST, C. J., and FELLOWS, MCDONALD, CLARK, SHARPE, and STEERE, JJ., concurred. MOORE, J., did not sit.